IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**GEORGE CALHOUN,**

    Plaintiff,

vs.                                  Case No. 5:04cv89-RH/WCS

**JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,**

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff seeks an Equal Access to Justice Act (EAJA) attorney's fee. Doc. 23. Defendant objects to portions of the fee request. Doc. 24. Defendant does not object to the hourly rate sought, $125 per hour, but argues that 0.8 hours of attorney time and 0.6 hours of paralegal time for seeking extensions of time should not be paid. Defendant argues that another 3.2 hours of attorney time and all of the remainder of the paralegal time (2.6) are not reasonable. Defendant argues that the attorney time should be reduced by a total of 4 hours and the paralegal time by 3.2 hours.

Plaintiff has not sought an increase to his hourly rate due to increases in the Consumer Price Index.  The EAJA hourly rate was established by statute in March, 1996, at $125 per hour, but may be increased by the court to keep that rate in line with increases in the Consumer Price Index.  That Index was 155.7 in March, 1996.  This district has routinely granted such increases.  The Consumer Price Index was 190.7 in January, 2005, the latest published Consumer Price Index for All Urban Consumers.[1]  The increase in the Index of 35 above the March, 1996, Index is an increase of 22.5%.  Thus, the new EAJA hourly rate should be $153.12 per hour.  I recommended such an increase *sua sponte* in a case pending before District Judge Rodgers, but the court rejected that recommendation because the attorney seeking the fee had not asked for the higher rate.  In view of Judge Rodgers' order, I will not recommend the higher rate.

The attorney hours claimed from May 20, 2004, until the Plaintiff's attorney began work on the memorandum are not reasonable.  The complaint is simple and essentially a form.  It is the same for every Social Security case.  The details specific to the particular Plaintiff can be filled in by a secretary or a paralegal, and indeed, Plaintiff bills for paralegal time for this work.  There is no need for an attorney to review the file, have a conference with staff, or prepare the complaint.  Time spent seeking extensions of time should not be recompensed by Defendant, especially since Plaintiff's counsel routinely seeks extensions of time and the motion is the same every time.  A total of 3.4 attorney hours are claimed.  It takes no more than 0.2 of an hour to proof read the complaint and the in forma pauperis motion.  Thus, 3.2 attorney hours claimed are not reasonable.

---

[1] http://www.bls.gov/news.release/cpi.t01.htm

Case No. 5:04cv89-RH/WCS

The time spent by the paralegal seeking extensions of time likewise should not be paid by Defendant. Thus, 0.6 paralegal hours are not reasonable.

Plaintiff claims 17.2 hours preparing the memorandum. The memorandum raises only one claim, that Plaintiff did not refuse to testify at his first hearing and that he did not decline a supplemental hearing to explain his income. While this is a simple claim, counsel for Plaintiff also had to review the record to see if there were any other meritorious issues to raise. The winnowing of claims is as time consuming as the marshaling of argument to support claims. A claim of 17.2 hours, that is, essentially two working days to prepare the merits of a Social Security case, is within the range of presumptive reasonableness.

As a consequence, I recommend an attorney's fee of $2,275.00 based upon 18.2 hours at $125 per hour, and expenses for paralegal time of $130 based upon 2.6 hours at $50 per hour, for a total fee of $2,405.00.

Accordingly, it is **RECOMMENDED** that the court **ORDER** that Defendant pay Plaintiff $2,405.00 as an EAJA attorney's fee.

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2005.

        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**